```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
PHAM TRAN,                            :          CIVIL ACTION
                    Plaintiff,        :
                                      :
       v.                             :          NO. 04-4740
                                      :
JO ANNE B. BARNHART,                  :
COMMISSIONER OF SOCIAL SECURITY,      :
                    Defendant.        :
_____:
```

                                ORDER

          AND NOW, this          day of              , 2005, upon

consideration of the parties' Motions for Summary Judgment, and

after careful review of the Report and Recommendation of United

States Magistrate Judge Arnold C. Rapoport, IT IS ORDERED that:

          1.  the Report and Recommendation is APPROVED and

ADOPTED;

          2.  the Plaintiff's Motion for Summary Judgment is

GRANTED in part;

          3.  the Defendant's Motion for Summary Judgment is

DENIED; and

          4. the matter is REMANDED for further proceedings.

                                        BY THE COURT:


                              _____
                                        JOHN P. FULLAM, SR. J.

```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
PHAM TRAN,                            :       CIVIL ACTION
                    Plaintiff,        :
                                      :
     v.                               :       NO. 04-4740
                                      :
JO ANNE B. BARNHART,                  :
COMMISSIONER OF SOCIAL SECURITY,      :
                    Defendant.        :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff, Pham Tran ("Plaintiff"), brings this action under 42 U.S.C. section 1383(c)(3), which incorporates 42 U.S.C. section 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying her claim for supplemental security income ("SSI") provided under Title XVI of the Social Security Act ("the Act"). 42 U.S.C. §§ 1381-1383f. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court are the parties' Cross-Motions for Summary Judgment. For the reasons that follow, it is recommended that Plaintiff's motion be granted in part and Defendant's motion be denied.

PROCEDURAL HISTORY

Plaintiff filed a prior application on September 12, 2001, which was denied and never appealed. (R. 14.) Plaintiff filed her current application for SSI on December 26, 2002,

1

alleging disability since August 1, 2001, due to high blood pressure, migraines, peptic ulcer, asthma, and arthritis.[1]  (R. 13, 71-73.)  The agency denied Plaintiff's claim on March 4, 2003.  (R. 13, 52-55.)  Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (R. 13, 56.)  On October 30, 2003, a hearing was held and Plaintiff, who was represented by her attorney, appeared and testified.  (R. 13, 22-49.)  An impartial vocational expert ("VE") also appeared and testified at the administrative hearing.  (R. 13, 22-49.)

Having considered evidence of Plaintiff's impairments, on November 24, 2003, the ALJ issued a decision in which he found that Plaintiff had no severe impairments.  (R. 20, Finding No. 3.)  Thus, the ALJ concluded that Plaintiff is not disabled.  (R. 20, Finding No. 4.)

Plaintiff timely requested review of the ALJ's decision, which was denied by the Appeals Council on August 10, 2004.  (R. 3-7.)  Thus, the ALJ's decision became the final decision of the agency.  Plaintiff filed this civil action on October 12, 2004, seeking judicial review of the Commissioner's decision that she had no severe impairments, and thus was not entitled to SSI.  The matter was referred to this Magistrate

---

[1] Plaintiff claims her impairments cause her "to be tired all the time, have dizziness, rapid heartbeats, and bad vision, have headaches, have pains in her legs while walking, have stomach pains all the time, and have shortness of breath with any exertion."  (R. 13.)

Judge for preparation of a report and recommendation on March 24, 2005.

FACTS

Plaintiff was forty-nine years old at the time of the ALJ's decision. (R. 13-20, 26.) Plaintiff, who is a native of Vietnam, completed the second grade in that country. (R. 28.) Plaintiff began working in the rice fields in 1975, and she continued in that occupation until she came to the United States in 1992. (R. 26.) Plaintiff has not worked since coming to the United States. (R. 26, 29.)

Plaintiff's primary care physician, Khanh Che, M.D., treated Plaintiff from March 2002 through January 2003, for "hypertension, migraines, headaches, peptic ulcer disease, and/or degenerative joint disease." (R. 16, 127-138.)

From October 7, 2002, through December 2, 2002, Jacques Khoury, M.D., provided treatment to Plaintiff at Digestive and Liver Disease Associate of Delaware County, P.C. (R. 109-126.) Dr. Khoury performed a colonoscopy and an endoscopy, and Dr. Khoury concluded that Plaintiff suffered from a duodenal ulcer, irritable bowel syndrome, and a small sygmoid polyp. (R. 109.) Plaintiff was treated with Nexium, PrevPac, and Ranitidine. (R. 109, 122.)

On June 6, 2003, Plaintiff underwent an evaluation by Ronald D. Coleman, Ph.D., as part of the Maximizing Participation

3

Project ("MPP").  (R. 147-152.)  The assessment was "geared toward identifying psychological barriers to higher functioning and ability to work."  (R. 147.)  Plaintiff reported that she had no treatment history for mental illness and no history of drug or alcohol difficulties.  (R. 147.)  Plaintiff "stated that her medical difficulties are her stomach and intestines."  (R. 148.)  Plaintiff was taking Protonix, aspirin, Norvasc, Coreg, Q.Pap extra strength, and Advair at the time of the assessment.  (R. 148.)

> Consistent with the record, although [Plaintiff] said that she gets depressed some of the time, there was no description of mental illness or drug or alcohol difficulties and none noted in the interview.

(R. 149.)  Dr. Coleman concluded that there were no psychological symptoms that would keep Plaintiff from working.  (R. 150.)

On July 23, 2003, Elizabeth Genovese, reviewed the findings of record and opined that Plaintiff was "temporarily incapable of sustained employment" due to uncontrolled hypertension, musculoskeletal pain, and migraines.  (R. 176.)  Dr. Genovese found Plaintiff was "marginally capable of working at this time."  (R. 176.)  Dr. Genovese found that Plaintiff's main limitations, aside from the hypertension, are psychosocial in nature and "include a relative lack of facility with the English language, lack of education, and a work history that only includes working in rice paddies."  (R. 176.)  Dr. Genovese found

4

that Plaintiff would benefit from vocational and educational training.  (R. 176.)

At the administrative hearing Plaintiff testified that she suffers from dizziness and headaches three days per week. (R. 31, 35.)  Plaintiff also testified that she suffers from fatigue after walking one block.  (R. 32.)  Plaintiff also testified that she has difficulty standing and bending over to pick something up.  (R. 32-35.)  Plaintiff also testified that at least once per week, she spends the entire day laying down.  (R. 35.)  Plaintiff's daughter, Tam Truong, testified and confirmed that Plaintiff is unable to perform household chores and spends most of the day resting.  (R. 38-44.)

LEGAL STANDARD

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision.  Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  See also, Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113

S.Ct. 1294 (1993).  When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision.  Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000).  Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.  Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability.  Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

      To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents [her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. § 423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows:  (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong

>     (3), the Commissioner considers the
>     claimant's residual functional capacity
>     ("RFC") to determine whether she can perform
>     work she has done in the past despite the
>     severe impairment - if she can, she will be
>     found not disabled; and (5) if the claimant
>     cannot perform her past work, the
>     Commissioner will consider the claimant's
>     RFC, age, education, and past work experience
>     to determine whether she can perform other
>     work which exists in the national economy.
>     *See id.* § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

ALJ DECISION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's alleged impairment involves an inability to work due to high blood pressure, migraines, peptic ulcer, asthma, and arthritis.[2] (R. 13, 71-73.) The ALJ proceeded through the sequential evaluation process and found Plaintiff was not disabled due to her impairments.[3]

In her Motion for Summary Judgment, Plaintiff asserts that the ALJ erred by failing to consider the testimony of Plaintiff and her daughter, the ALJ erred in concluding that

---

[2] Plaintiff claims her impairments cause her "to be tired all the time, have dizziness, rapid heartbeats, and bad vision, have headaches, have pains in her legs while walking, have stomach pains all the time, and have shortness of breath with any exertion." (R. 13.)

[3] The ALJ proceeded through the first two steps, finding that: 1. Plaintiff has not been engaged in substantial gainful activity since her alleged onset date; and 2. Plaintiff has no impairment or combination of impairments considered severe. (R. 20.) Thus, the ALJ found Plaintiff was not disabled at step two. (R. 20.)

7

Plaintiff's hypertension was not severe, and the ALJ failed to develop the record regarding Plaintiff's arthritis. (Pl. Br. 11-18.) The sole issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence. With regard to our review of Plaintiff's claims, the various sources of medical evidence, the submissions of counsel, the testimony at the administrative hearing, and the ALJ's decision were consulted.

Based on this Court's independent and thorough review of the record and for the reasons that follow, we find that the ALJ's decision is not supported by substantial evidence of record. We will, therefore, recommend that Plaintiff's Motion for Summary Judgment be granted in part.

DISCUSSION

In the present case, the ALJ determined at step two of the sequential evaluation process that Plaintiff did not have a severe impairment and, thus, was not entitled to SSI benefits. (R. 13-20.) Plaintiff argues that the ALJ erred by failing to consider the testimony of Plaintiff and her daughter at step two. (Pl. Br. at 8-12.) Having independently reviewed the record, this Court finds that, at step two, the ALJ determined that Plaintiff did not have a severe impairment based on the medical records. (R. 13-20.) The ALJ explicitly declined to "consider

claimant's subjective complaints in determining whether or not she has any 'severe' impairments or combination of impairments." (R. 19.)  Thus, the ALJ completely failed to acknowledge the testimony of Plaintiff or her daughter at any point in the administrative decision.  (R. 13-20.)  Though Defendant argues that no credibility analysis was necessary in this case, we find Defendant's argument without merit.[4]  (Def. Br. at 8-11.)

At step two of the sequential evaluation process, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments.  See Bowen v. Yuckert, 482 U.S. 137, 140-141, 107 S.Ct. 2287, 2291 (1987); Social Security Ruling ("SSR") 86-8; SSR 85-28.  An impairment is not severe if it does not significantly limit the claimant's physical ability to do basic work activities.  See 20 C.F.R. §§ 404.1520(c), 404.1521(a).  Basic work activities are abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

> An impairment or combination of impairments
> can be found 'not severe' only if the
> evidence establishes a slight abnormality or
> a combination of slight abnormalities which
> have 'no more than a minimal effect on an

---

[4]  We note that Plaintiff does not allege that a credibility analysis was lacking; rather, Plaintiff alleges that all consideration of Plaintiff's testimony was lacking.

> individual's ability to work.' SSR 85-28. Only those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits at step two. See Bowen v. Yuckert, 482 U.S. at 158, 107 S.Ct. at 2300 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue. See Smolen v. Chater, 80 F.3d at 1290. Reasonable doubts are to be resolved in favor of the claimant.

Beasich v. Comm'r of Social Security, 2003 WL 21299604 (3rd Cir.(N.J.)).

When assessing the severity of whatever impairments an individual may have, the adjudicator must specifically assess the impact of the combination of those impairments on the person's ability to function. See 20 C.F.R. §§ 404.1523; 416.923. Thus, the ALJ must assess the impact of the claimant's alleged impairments. The impact of a claimant's impairment's is partially determined by considering the testimony of the claimant.

In the present case, Plaintiff testified about the impact of her impairments. (R. 29-36.) Plaintiff specifically stated that her physical impairments prevent her from performing most household chores and require Plaintiff to lay down for regular rest periods. (R. 29-36.) The testimony of Plaintiff's daughter supports Plaintiff's testimony. (R. 38-45.) Thus, the ALJ was presented with evidence regarding the impact of

Plaintiff's alleged impairments, which the ALJ failed to consider.

In describing the general process for evaluating DIB and SSI claims, the regulations make clear that the ALJ must "consider all evidence in [claimant's] case record when [making] a determination or decision whether [claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). The Regulations specifically state that the ALJ must

> consider *all* of [claimant's] statements about [his/her] symptoms, such as pain, and any description [claimant], [claimant's] physician, [claimant's] psychologist, or other persons may provide about how the symptoms affect [claimant's] activities of daily living and [claimant's] ability to work.

20 C.F.R. § 404.1529(a). Though these statements may not establish that claimant is disabled, the ALJ must consider these statements. In particular, the ALJ must "determine the extent to which symptoms, such as pain, affect [the claimant's] capacity to perform basic work activity. 20 C.F.R. § 404.1529(c)(4). Section 404.1529(d)(1) also states that the claimant's "symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, are considered in making a determination as to whether [claimant's] impairment or combination of impairments is severe." 20 C.F.R. § 404.1529(d)(1). Thus, the Regulations specifically require the ALJ to consider testimony of symptoms such as fatigue, shortness of breath, and weakness, in making a

severity determination.  As stated *supra*, Plaintiff testified to symptoms of fatigue and weakness, and the ALJ failed to consider this testimony.  (R. 13-20, 29-36.)

　　　　We find that the ALJ's complete failure to consider the testimonial evidence of Plaintiff's symptoms to be error.  The Regulations specifically require the ALJ to "consider all evidence in [claimant's] case record when we make a determination or decision whether [claimant is] disabled."  20 C.F.R. § 404.1520(a)(3).  Further, the Regulations specifically direct the ALJ to consider testimony of claimant's symptoms.  Because the ALJ failed to do so, his decision is not supported by substantial evidence.  Accordingly, the matter should be remanded back to the ALJ.  Because Plaintiff has alleged disability as a result of numerous impairments, the ALJ should specifically re-evaluate the combined effect of all alleged impairments.  The ALJ should re-consider all of the evidence of record, including the testimony of Plaintiff and her daughter.

　　　　Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this            day of May, 2005, it is RESPECTFULLY RECOMMENDED that the Plaintiff's Motion for Summary Judgment should be GRANTED in part; the Defendant's Motion for Summary Judgment should be DENIED; and the matter should be remanded for further proceedings.

BY THE COURT:

_____
ARNOLD C. RAPOPORT,
United States Magistrate Judge